# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RADONDA R. RODGERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) | Case No. CIV-17-0056-SM |

## MEMORANDUM OPINION AND ORDER

Radonda R. Rodgers (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision she was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Doc. 17. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court reverses and remands the Commissioner's decision.

I. **Administrative determination.**

   A. **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citation omitted).

### C. Relevant findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis and concluded Plaintiff had not met her burden of proof. AR 30-42; *see* 20 C.F.R. §§ 404.1512 & 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step analysis). Specifically, the ALJ found Plaintiff:

> (1) was severely impaired, first, by status post gastric bypass surgery, second, by ulcers, third, by obesity, fourth, by

2

adjustment disorder, fifth, by generalized anxiety, sixth, by depression, and seventh, by drug dependence;

(2) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the residual functional capacity (RFC)[1] to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can lift and carry twenty pounds occasionally and ten pounds frequently, can stand/and or walk for up to six hours in an eight-hour workday, can sit for up to six hours in an eight-hour workday, can never climb ladders, ropes, or scaffolds, frequently can climb stairs, balance, stoop, kneel, crouch, or crawl, can understand, remember, carry out simple and detailed instructions, is limited to frequent contact with coworkers and supervisors and is limited to occasional public interaction;

(4) could perform no past relevant work;

(5) could perform jobs that exist in significant numbers in the national economy, such as file clerk, bench assembler, and electrical assembler; and so,

(6) had not been under a disability, as defined in the Social Security Act, from April 30, 2012 through May 13, 2015.

AR 31-42.

**D. Appeals Council action.**

The Social Security Administration's (SSA) Appeals Council reviewed Plaintiff's additional evidence, and determined it, in consideration with the entire record, provided no basis for changing the ALJ's decision. *Id.* at 2; *see*

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

*also id.* at 1-6. The ALJ's decision is thus the Commissioner's final decision. *See* id. at 1-9; s*ee Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standards.

A court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court "cannot reweigh the evidence or substitute [its] judgment for that of the administrative law judge's." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the court "must 'exercise common sense' in reviewing an ALJ's decision and must not 'insist on technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (2012)). The ALJ's decision must be evaluated "based solely on the reasons stated in the decision." *Robinson v.*

4

*Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A "post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).

### B. Plaintiff's claims of error.

Plaintiff argues the ALJ committed legal error when she (1) "failed to properly evaluate the opinions of [Plaintiff's] treating physicians"; and (2) "failed to discuss uncontroverted and/or significantly probative evidence that conflicted with her findings." Doc. 20, at 10-21. Plaintiff argues (3) "[t]he ALJ's credibility determination was contrary to law and not supported by substantial evidence." *Id.* at 21-25. Because Plaintiff's first alleged error requires remand, the court will not address Plaintiff's remaining issues. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (declining to "reach the remaining issues raised . . . because they may be affected by the ALJ's treatment of th[e] case on remand").

### C. Whether the ALJ erred in applying the treating-physician rule.

#### 1. Legal standards.

Through its governing regulations, the SSA tells claimants that, "[g]enerally, we give more weight to opinions from your treating sources . . . ." 20 C.F.R. §§ 404.1527(c)(2) & 416.927(c)(2). It explains this is so

5

> since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations such as consultative examinations or brief hospitalizations.

*Id.*

Binding court precedent underscores the significance of treating source opinion evidence, holding that when an ALJ "evaluat[es] the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser*, 638 F.3d at 1330. At the first step, the ALJ must determine if the opinion "is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Id.* "If the opinion is deficient in either of these respects, it is not to be given controlling weight." *Id.* If the ALJ finds the opinion is not entitled to controlling weight, she must then proceed to the second step of the inquiry to "make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id.* These factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5)

6

whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1331 (quotation omitted).

So long as the ALJ provides a well-reasoned discussion, her failure to "explicitly discuss" all the factors "does not prevent [the] court from according his decision meaningful review." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007*).*

## 2. Plaintiff's treating physicians' opinions.

### a. Dr. Clayton Royder's opinion.

On November 26, 2014, Dr. Royder opined in a medical source statement that Plaintiff can lift up to ten pounds frequently, can carry up to ten pounds occasionally, can sit for two hours in an eight-hour workday, and only stand and walk for one hour in an eight-hour workday. AR 1321-22.[2] As the ALJ noted, Dr. Royder saw Plaintiff several times from April 2014 through November 2014. *Id.* at 38.

The Commissioner acknowledges "the ALJ did not give this opinion specific weight . . . ," arguing any error was harmless. Doc. 21, at 5. She argues the ALJ's preceding four-page recitation of the medical evidence of record

---

[2] Dr. Royder also opined Plaintiff could occasionally climb ladders and scaffolds, while the ALJ disagreed and imposed a more rigorous restriction. AR 1324, 34.

7

sufficed to show the ALJ rejected Dr. Royder's opinion. *Id.* at 5-6. She also attacks Dr. Royder's opinion as "effectively [one] that Plaintiff was unable to work." *Id.* at 4-5 (citation omitted).[3]

The court agrees it may discount medical evidence "if it is internally inconsistent or inconsistent with other evidence." *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) (quoting *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995)); *see also* 20 C.F.R. §§ 404.1527(c)(3) ("[M]ore weight" will be given to medical source opinions that are supported by relevant evidence.) & 416.927(c)(3) (same). The ALJ here noted no internal inconsistency between Dr. Royder's assessment and the record as a whole—she simply stated "the record does not establish [Plaintiff's] impairments warrant the severity of the limitations that Dr. Royder opined." AR 39; *see Pisciotta*, 1074 F.3d at 1078; 20 C.F.R. §§ 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.); & 416.927(c)(4) (same); *cf. Armijo v. Astrue*, 385 F. App'x 789, 795 (10th Cir. 2010) (holding that ALJ's implicit determination that treating physician's opinion was not entitled to controlling weight was supported by

---

[3] The ALJ recognized and rejected another opinion that clearly was one that "essentially found [Plaintiff] disabled." AR 40. There, the ALJ explained why she would not give controlling weight to such an opinion from a treating source. *Id.* She chose not to explain any weight (or lack of weight) she gave to Dr. Royder's opinion. *Id.* at 39.

8

substantial evidence, noting the ALJ pointed out "particular conflicts" between the opinion and "specific record evidence" and "internal inconsistencies" in the opinion); *Tarpley v. Colvin*, 601 F. App'x 641, 643-44 (10th Cir. 2015) (where the ALJ failed to state whether he gave treating physician's opinion controlling weight, stating "any imaginable oversight on this score is clearly harmless because the ALJ's ruling unambiguously demonstrates that he declined to give the opinions controlling weight and . . . he had substantial evidence to support that decision"). The ALJ did not give "sufficiently specific" reasons for what weight she gave to Dr. Royder's opinions. She identified no "internal inconsistencies" in his opinion nor any "specific, legitimate reasons" for having rejected the opinion completely. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ's conclusion is not supported by substantial evidence.

### b. Dr. Russell Gornichec's opinion.

On August 7, 2012, Dr. Russell Gornichec opined in a medical source statement that Plaintiff could occasionally lift and carry up to twenty pounds, sit two hours in an eight-hour workday, and stand and walk for thirty minutes in an eight-hour workday. AR 899-904.[4] As the ALJ noted, "[h]e also found [Plaintiff] had several postural and environmental limitations." AR 39 (citing

---

[4] He also found Plaintiff could never climb ladders or scaffolds, with which the ALJ agreed. AR 902, 34. The ALJ also agreed with the occasionally lift-and-carry restriction. *Id.* at 34, 899.

9

*id.* at 903-04). The ALJ "did not afford [this] opinion[] great weight, as [it] sharply contrast[ed] with the medical evidence as a whole. For instance, there is no evidence establishing environmental limitations as a result of [Plaintiff's] impairments." *Id.*

As Plaintiff notes, the ALJ's not giving Dr. Gornichec's opinion great weight fails to "specify what lesser weight" (if any) he gave this opinion. Doc. 20, at 15 (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (emphasis omitted by Plaintiff's brief)). The Commissioner contends that the ALJ's giving "great weight" to both the State agency physicians and psychologists trumps Dr. Gornichec's "less than great weight." Doc. 21, at 6-7 (citing AR 38, 39). She argues that "[t]he lack of an explicit finding that a treating source's opinion was not entitled to controlling weight does not justify remand when the ALJ then makes a finding about the weight the opinion deserves in light of the record evidence." *Id.* at 8-9 (citing *Tarpley*, 601 F. App'x at 643-44). But, apart from noting an inconsistency between the opinion and the record with respect to environmental limitations, the ALJ did not discuss any of the remaining relevant factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. Again, substantial evidence does not support the ALJ's conclusion.

The court evaluates the ALJ's decision "based solely on the reasons stated in the decision." *Robinson*, 366 F.3d at 1084. The court cannot treat either above treating-physician error as harmless because to do so would ignore the

10

ALJ's duties not only to determine whether to assign a treating physician's opinion controlling weight, but also to give deference to a treating physician's opinion even if he does not assign it controlling weight. *See* SSR 96-2p, 1996 WL 374188, at *1 (July 2, 1996). The exercise of such deference might have changed the relative weight assigned to all the medical opinions, including the non-examining consultants to whose opinion the ALJ assigned great weight. *See* AR 39-40. "Affirming [the Commissioner's] post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).

**III. Conclusion.**

The court reverses and remands the Commissioner's decision.

ENTERED this 13th day of September, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE